IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DOMINIC J AFFINITO et al.,<br><br>　　　Defendants.　　　　　　　　／ | No. C 13-03003 SI<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

On March 14, 2014, the Court held a regularly-noticed hearing on plaintiff's motion for default judgment. No one appeared on behalf of either party. The Court GRANTS plaintiff's motion for default judgment.

**BACKGROUND**

Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports programming, brought suit against defendants Dominic J. Affinito and Juliette C. Affinito, individually and d/b/a Joe Peppers BBQ & Lounge a/k/a Peppers. The complaint alleges that defendants showed a boxing match in their restaurant, Joe Peppers BBQ & Lounge, without a license. Plaintiff's complaint alleges that defendants are liable under the Federal Communications Act, 47 U.S.C. §§ 553, and 605 et seq., for receiving, intercepting and assisting in the receipt or interception of licensed programming, and also alleges the common law tort of conversion. Plaintiff's hired private investigator was present on the

1 evening of the fight, July 7, 2012, in defendants' restaurant and saw the UFC 148 "undercard" match
2 between fighters Tito Ortiz and Forrest Griffen being broadcast. *See* Affidavit of David G. Callaway.
3 Plaintiff filed a complaint against defendants, who never responded. On December 10, 2013, the Clerk
4 entered default against defendants.

## DISCUSSION

The Federal Communications Act, 47 U.S.C. § 605 et seq., prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming. The Act allows an aggrieved party to bring a civil action in federal district court and permits that party to elect an award of either statutory or actual damages. *See* 47 U.S.C. § 605(e)(3)(C)(I). The statute allows the Court to award between $1,000 and $10,000 for each violation of section 605 as it considers just. *Id.* at § 605(e)(3)(C)(i)(II). The Court may increase its award by not more than $100,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff's application for default judgment contends that defendants' violation of 47 U.S.C. §§ 605 et seq. was willful. Plaintiff seeks $110,000 for violation of 47 U.S.C. §§ 605(e)(3)(B)(iii) and (c)(ii), and $850 for the tort of conversion.

The Court declines to grant plaintiff's request for such exorbitant damages. The allegations in a complaint regarding the monetary amount of damages that should be granted in a default judgment are not controlling, and "the mere assertion that defendants acted willfully is insufficient to justify enhanced damages." *Kingvision Pay–Per–View Ltd. v. Backman*, 102 F. Supp. 1196, 1198 (N.D. Cal. 2000). Courts that have awarded enhanced damage awards due to willful violations of the Communications Act have cited such factors as the repeated violation of the Act, the intent to profit from the violations, and actual profit derived from the violation. *Id.* at 1197-98. Plaintiff's papers state that defendants did not require a cover charge on the evening that they broadcast the fight. According to the affidavit of Mr. Callaway, the capacity of defendants' establishment is approximately 50 to 100 people, however, two separate head counts while Mr. Callaway was present showed the number of patrons present to be 21 and 23 people, respectively. Thus, the record is unclear on whether the establishment actually profited from the violation. On the other hand, plaintiff's investigator states that

defendants advertised the fight on their road front sign, as well as on a white board at the bar. Additionally, defendants apparently displayed the fight on three television screens within the establishment.

"Courts in this district have considered several cases involving pirating of closed-circuit sports broadcasts and, absent a showing of egregious wrongdoing, generally have awarded damages slightly over the statutory minimum." *Universal Sports Network v. Jimenez*, No. C–02–2768–SC, 2002 WL 31109707, at * 1 (N.D. Cal. Sept.18, 2002). Therefore the Court finds that an enhanced damage award is not warranted under the statute. Under 47 U.S.C. § 605(e)(3) the Court may award statutory damages between $1,000 and $10,000 for a violation of the Act. The Court awards $3,000 in damages to plaintiff.

Plaintiff also requests default judgment on its state law claim of conversion. The Court finds that the statutory damages in the amount of $3,000 sufficiently compensates plaintiff, and this case does not present a set of circumstances where an additional award might be warranted. Further, plaintiff's conversion claim raises what one judge in the Eastern District of California has called "the thought-provoking question of whether an interest in intangible property such as an exclusive license to distribute a broadcast signal is the proper subject of a claim of conversion under California law." *See J & J Sports Prods., Inc. v. Hernandez*, No. 09–CV–3389 GEB KJN, 2010 WL 1980186, at *6 n.12 (E.D. Cal. May 17, 2010). California state and federal courts have reached varying conclusions. *Compare, e.g.*, *Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (Cal. Ct. App. 2007) (noting California courts' traditional refusal to recognize as conversion the unauthorized taking of intangible interests not merged with or reflected in something tangible), *with DIRECTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005) (observing that courts have relaxed the tangibility requirement, and granting summary judgment for conversion of satellite broadcast programming), *and Don King Prods./Kingvision v. Lovato*, 911 F. Supp. 419, 423 (N.D. Cal. 1995) (finding that plaintiff's exclusive rights to distribute program in California qualified as right to possession of property under conversion claim).

//

//

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court GRANTS plaintiff's motion for default judgment. The Court awards $3,000. This Order resolves Docket No. 30.

**IT IS SO ORDERED.**

Dated: March 14, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE